

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-80,324-02

### EX PARTE OSCAR DAVID PARDO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. NO. 2011-CR-5260-W2 IN THE 379TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*. YEARY, J., not participating.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child and sentenced to forty years' imprisonment. The Fourth Court of Appeals affirmed his conviction. *Pardo v. State*, No. 04-13-00530-CR (Tex. App.—San Antonio Dec. 17, 2014) (not designated for publication).

In his writ, Applicant raised ineffective assistance of counsel, jury charge error, and no evidence. The trial court entered findings rejecting his claims. Applicant then filed a motion to remand the case so he could avail himself of appointed habeas counsel's assistance. Applicant

attached correspondence from a lawyer who said he was appointed, but withdrew due to a conflict. Counsel told Applicant that a different lawyer was appointed on April 25, 2016, and that another lawyer was appointed as of July 5, 2016. Applicant attached a purported order appointing habeas counsel on that date. However, the record contains no filings from counsel and the findings and conclusions were served on Applicant, not habeas counsel.

The trial court shall make supplemental findings of fact and conclusions of law as to whether Applicant was, in fact, appointed habeas counsel and, if so, whether habeas counsel wishes to take any action on the case. The trial court may also make any other supplemental findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 16, 2016
Do not publish